IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JANE DOE

    Plaintiff

vs.                                                                Case No. 1:26-cv-20670

RONALD DAVID FORD; and

DOES 1-20,

    Defendant.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

    Plaintiff, proceeding as Jane Doe, submits this Memorandum of Law in Support of her Motion to Proceed Under Pseudonym. This action arises from Defendant's sustained pattern of sexual exploitation, trafficking-related abuse, and coercive control, and requires Plaintiff to disclose deeply personal and traumatic information. Public disclosure of Plaintiff's identity would subject her to substantial psychological harm, stigma, and risk of retaliation. Under controlling Eleventh Circuit precedent and the Federal Rules of Civil Procedure, Plaintiff has demonstrated compelling grounds for limited anonymity.

### INTRODUCTION

    This action arises from Defendant's sustained and deliberate pattern of sexual exploitation, human trafficking, physical and sexual abuse, and psychological

coercion inflicted upon Plaintiff over multiple years. Plaintiff seeks redress for profoundly sensitive and deeply personal violations, including repeated sexual assault, coerced and non-consensual sexual acts, trafficking-related exploitation, the transmission of a sexually transmitted disease, and severe, lasting psychological trauma. The factual allegations in this case require Plaintiff to disclose the most intimate details of her body, health, relationships, and emotional suffering.

Public disclosure of Plaintiff's identity would subject her to a substantial and ongoing risk of further emotional harm, social stigma, harassment, retaliation, and invasion of privacy. For a survivor of prolonged sexual abuse and coercive control, compelled public identification would compound the very trauma this action seeks to remedy, deter full participation in the judicial process, and undermine Plaintiff's ability to seek justice without fear.

Courts in this Circuit and throughout the country have consistently recognized that victims of sexual violence and human trafficking possess a compelling privacy interest in proceeding anonymously. In such cases, permitting plaintiffs to proceed under pseudonym protects their safety, dignity, and mental well-being, encourages access to the courts, and advances, rather than undermines, the fair administration of justice.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) generally requires parties to be named in the caption of pleadings, reflecting the presumption of openness in judicial proceedings. However, this presumption is not absolute. Courts may permit a plaintiff to proceed under a pseudonym where the plaintiff demonstrates a substantial privacy interest that outweighs the public's interest in disclosure. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992); *Plaintiff B v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2011).

In determining whether anonymity is warranted, courts balance the plaintiff's privacy, safety, and mental well-being against any prejudice to the defendant and the public interest. Relevant considerations include whether the case involves matters of the utmost intimacy, whether the plaintiff is vulnerable to retaliation or further harm, whether disclosure would compound trauma, and whether anonymity would impair the defendant's ability to litigate the case. *Plaintiff B*, 631 F.3d at 1316-17.

Accordingly, the moving party bears the burden of establishing that disclosure of her identity would subject her to a real and substantial risk of harm, stigma, or psychological injury, that her interest in anonymity outweighs the presumption of openness, and that proceeding pseudonymously will not unfairly prejudice the opposing party. Where this showing is made, courts routinely permit victims of sexual violence and exploitation to proceed anonymously. *Id.*; *Doe*, 951 F.2d at 323.

Additionally, Federal Rule of Civil Procedure 26(c) authorizes courts to issue protective orders to prevent undue embarrassment, oppression, or burden, further supporting limited anonymity in cases involving sensitive personal and medical information.

## ARGUMENT

### A. This Case Involves Matters of the Utmost Intimacy

Plaintiff's claims require disclosure of highly sensitive and intimate facts, including allegations of rape, sexual battery, coerced sexual encounters, public sexual humiliation, and the transmission of a sexually transmitted disease. (Doe Decl. ¶¶ 2-4.) Courts consistently recognize that litigation involving sexual violence and trafficking implicates matters "of the utmost intimacy" warranting protection through pseudonymity. *Plaintiff B*, 631 F.3d at 1316-17; *Doe*, 951 F.2d at 323.

As Plaintiff attests under oath, public disclosure of her identity would require her to relive traumatic experiences and expose deeply private medical and psychological information, thereby exacerbating her emotional distress and interfering with her recovery. (Doe Decl. ¶¶ 4-6.) Courts have repeatedly held that such compelled exposure constitutes a compelling basis for anonymity where, as here, disclosure would impose substantial psychological harm without advancing any legitimate public interest. *See Doe v. Neverson*, 820 F. App'x 984, 987 (11th Cir. 2020); *Plaintiff B*, 631 F.3d at 1316.

4

### B. Plaintiff Faces a Substantial Risk of Further Psychological Harm and Retaliation

Plaintiff's claims require disclosure of highly sensitive and deeply personal information, including allegations of rape, sexual battery, coerced sexual encounters, public sexual humiliation, and the transmission of a sexually transmitted disease. (Doe Decl. ¶¶ 2-4.) Courts have consistently recognized that litigation involving sexual violence and trafficking implicates matters "of the utmost intimacy" and warrants protection through pseudonymity. *Plaintiff B*, 631 F.3d at 1316-17; *Doe*, 951 F.2d at 323.

As Plaintiff attests under oath, she continues to experience trauma-related symptoms, including anxiety, depression, dissociation, and fear, and has required professional treatment as a result of Defendant's conduct. (Doe Decl. ¶¶ 4-5.) Public disclosure of her identity would force her to relive traumatic experiences, expose deeply private medical and psychological information, and substantially worsen her emotional distress. (Id. ¶¶ 5-6.) The Eleventh Circuit has recognized that such compelled exposure constitutes a compelling basis for anonymity where disclosure would impose substantial psychological harm without advancing any legitimate public interest. *See Doe v. Neverson*, 820 F. App'x 984, 987 (11th Cir. 2020); *Plaintiff B*, 631 F.3d at 1316.

Plaintiff also faces a reasonable risk of harassment, stigma, and retaliation if her identity becomes public. (Doe Decl. ¶¶ 6-8.) Given Defendant's prior pattern of

5

intimidation and coercive control, Plaintiff's fear of further harm is well-founded. (*Id*. ¶ 8.) Courts routinely consider such vulnerability to retaliation and renewed trauma as strong grounds for permitting pseudonymous litigation. *Plaintiff B*, 631 F.3d at 1316-17.

Permitting Plaintiff to proceed under a pseudonym will not prejudice Defendant, who already knows her identity and will receive all necessary information through discovery under appropriate confidentiality protections. (Doe Decl. ¶ 10.) The public's interest in transparent proceedings will remain fully satisfied through access to the filings and rulings in this case. Under these circumstances, Plaintiff has demonstrated a compelling need for limited anonymity consistent with governing precedent and the interests of justice.

**C. Proceeding Under a Pseudonym Will Not Prejudice Defendants**

Permitting Plaintiff to proceed under a pseudonym will not prejudice Defendant's ability to defend this action. Defendant is already aware of Plaintiff's identity, and Plaintiff will disclose her true name under appropriate confidentiality protections for purposes of discovery and trial preparation. (Doe Decl. ¶ 10.) Defendant will therefore have full access to all information necessary to investigate the facts, conduct discovery, and prepare his defense.

Limited anonymity in these circumstances preserves fairness while protecting Plaintiff from unnecessary harm. Courts in this Circuit routinely permit plaintiffs to

6

proceed pseudonymously in sexual abuse and exploitation cases where defendants know the plaintiff's identity and suffer no litigation disadvantage as a result. *Plaintiff B*, 631 F.3d at 1317.

### D. The Public Interest Is Not Undermined by Limited Anonymity

Permitting Plaintiff to proceed under a pseudonym serves, rather than undermines, the public interest. The public's interest lies in the fair and transparent adjudication of claims, not in the compelled disclosure of a victim's personal identity. (Doe Decl. ¶¶ 5-6.) Allowing Plaintiff to proceed as "Jane Doe" preserves full public access to the filings, evidence, and rulings in this case while protecting Plaintiff from unnecessary psychological harm and retraumatization. Courts in this Circuit recognize that limited anonymity promotes access to justice for victims of sexual violence and encourages the reporting of serious misconduct. *Doe v. Neverson*, 820 F. App'x at 987.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion to Proceed Under Pseudonym and enter appropriate orders protecting her identity and privacy throughout these proceedings.

8

| | |
|---|---|
| Dated February 2, 2026. | Respectfully Submitted |

**THE LAW OFFICES OF TRAVIS R. WALKER, P.A.**
By: /s/ Travis R. Walker
TRAVIS R. WALKER, ESQ
Florida Bar No. 36693
1100 SE Federal Highway
Stuart, Florida 34994
Telephone: (772) 708-0952
travis@traviswalkerlaw.com
Service@traviswalkerlaw.com